IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RENEE BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 13-CV-076-JHP |
| | ) | |
| CITY OF SEMINOLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court are Plaintiff's Motion to Transfer Venue [Docket No. 11], Defendant's Response in Opposition [Docket No. 12], and Plaintiff's Reply [Docket No. 14]. This action was initiated by the filing of a petition in the District Court of Seminole County, Oklahoma, on January 22, 2013. On February 19, 2013, Defendant removed the case to this Court without objection. [Doc. No. 2]. In her Amended Complaint, Plaintiff asserts claims of gender, race, and age discrimination in violation of Title VII of the Civil Rights Act. [Doc. No. 2, Ex. 15]. Plaintiff now requests that this action be transferred to the United States Court for the Western District of Oklahoma ("Western District"), arguing that the events, records, witnesses, and attorneys are "roughly 44 miles closer" to the Western District. [Doc. No. 14, 4-5].

In passing Title VII of the Civil Rights Act of 1964, Congress saw fit to include a special provision governing venue in Title VII claims. This provision provides:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3). Thus, because Defendant's principal office is located in Seminole,

Oklahoma, Plaintiff's action could have been brought in any of Oklahoma's three judicial districts.

The question thus becomes whether efficiency and fairness dictate transfer under 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations omitted). A "party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. County Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). "Unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co. v. Travelers Indem. Co.*, 467 F.2d 662, 664 (10th Cir.1972). The factors to consider in determining whether to transfer a case pursuant to § 1404(a) are: (i) the plaintiff's choice of forum; (ii) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; (iii) the cost of making the necessary proof; (iv) questions as to the enforceability of a judgment if one is obtained; (v) relative advantages and obstacles to a fair trial; (vi) difficulties that may arise from congested dockets; (vii) the possibility of the existence of questions arising in the area of conflict of laws; (viii) the advantage of having a local court determine the questions of local law; and, (ix) all other considerations of a practical nature that make a trial easy, expeditious, and economical. *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967).

After careful consideration of the circumstances of this case, the Court finds that Plaintiff has failed to meet her burden of proving the existing forum is inconvenient for purposes of 28 U.S.C. § 1404(a). Accordingly, Plaintiff's Motion to Transfer Venue is **DENIED.**

SO ORDERED this 3rd day of April, 2013.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma