## 2014 OK 41

### IN THE SUPREME COURT OF THE STATE OF OKLAHOMA ORIGINAL

FILED
SUPREME COURT
STATE OF OKLAHOMA

MAY 13 2014

MICHAEL S. RICHIE
CLERK OF
THE APPELLATE COURTS

RENEE BREWER,

    Plaintiff/Appellant,

v.

CITY OF SEMINOLE,

    Defendant/Appellee.

NO. 112,292

FOR OFFICIAL PUBLICATION

### CERTIFIED QUESTIONS OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

¶0 Plaintiff, a probationary police trainee, filed suit in the United States District Court for the Eastern District of Oklahoma. Pursuant to the Uniform Certification of Questions of Law Act, 20 O.S.2011, §§ 1601-1611, the Honorable James H. Payne, United States District Judge for the Eastern District of Oklahoma, certified three questions to this Court. We reformulate question one and answer questions one and two in the negative. Question three is not answered because it is dependent on an affirmative answer to question two.

### CERTIFIED QUESTION ONE REFORMULATED AND ANSWERED; CERTIFIED QUESTION TWO ANSWERED; ANSWER TO CERTIFIED QUESTION THREE DECLINED.

Margaret McMorrow-Love and Matthew J. Love, The Love Law Firm, Oklahoma City, Oklahoma, for Defendant.[1]

**FILED**

MAY 15 2014

PATRICK KEANEY
Clerk, U.S. District Court
By_____
    Deputy Clerk


Rec'd (date) 5/13/14
Posted
Mailed
Distrib
Publish ✓ yes ___ no

---

[1] Only those attorneys who have complied with Rule 1.5(a) of the Oklahoma Supreme Court Rules, 12 O.S.2011, ch. 15, app. 1, are listed on this opinion.

**TAYLOR, J.**

¶1 The United States Court of District Court for the Eastern District of Oklahoma certified the following questions to this Court under the Revised Uniform Certification of Questions of Law Act, 20 O.S.2011, §§ 1601-1611.

> 1. Whether a probationary police officer in a municipality that has entered into a Collective Bargaining Agreement ("CBA") with a recognized bargaining agent under the Fire and Police Arbitration Act, OKLA. STAT. tit. 11, § 51-101 ("FPAA"), who is excluded by the terms of the CBA from having access to the grievance/arbitration process contained in the CBA in connection with the termination of his/her employment due to his/her probationary status, but who was also a member of the Police Pension and Retirement Systems, OKLA. STAT. tit. 11, § 50-101 et seq., at the time of the termination of his employment, has a right to be terminated only for cause by OKLA. STAT. tit. 11, § 50-123(B) and, thus, is entitled to due process in connection with the termination of his/her employment?
> 2. Whether the probationary police officer under the above scenario has a statutory right to a hearing before a Police Pension Review Board as provided for in OKLA. STAT. tit. 11, § 50-123(A)?[1]
> 3. If a probationary police officer has a statutory right to a hearing before a Police Pension Board of Review under by [sic] OKLA. STAT. tit. 11, § 50-123, must the officer request a hearing and when must the officer request a hearing, or must the municipality offer a hearing and when must the municipality offer a hearing?
>
> [1] Compare city of Coweta v. Doughten, 2011 OK Civ App 113, 264 P.3d 135 (Division Four) and White v. City of Del City, 2012 OK CIV APP 5, 270 P.3d 205 (Division Two).

The United States District Court did not forward any record to this Court but provided a factual background in the certifying order.

¶2 We reformulate question one because answering it as written would require us to apply federal law. See 20 O.S.2011, § 1604(A)(3). Questions two and three remain unchanged. We reformulate question one as:

1. Whether title 11, section 50-123(B) of the 2011 Oklahoma Statutes provides

2

a right to a probationary police trainee to be terminated only for cause if she is a member of the Police Pension and Retirement System as defined by title 11, section 50-101(6) of the Oklahoma Statutes and is employed by a municipality that has entered into a Collective Bargaining Agreement (CBA) with a recognized bargaining agent under the Fire and Police Arbitration Act, 11 O.S.2011, §§51-101 to 51-113, but, due to her probationary status, is excluded by the terms of the CBA from having access to the arbitration and grievance process contained in the CBA in connection with the termination of her employment.

¶3 We answer questions one and two in the negative. Because question three is dependent on an affirmative answer to question two, we decline to answer question three.

## I. FACTUAL BACKGROUND AS PROVIDED BY THE CERTIFYING COURT

¶4 The plaintiff Renee Brewer (Brewer) was employed by the defendant City of Seminole (Seminole) from July 9, 2011, until January 4, 2012, when she was involuntarily terminated. At the time of her termination, Brewer was classified as a probationary police trainee; she was not covered by the terms of the collective bargaining agreement (CBA) between Seminole and the Fraternal Order of Police, Lodge No. 138;[2] and she was a member of the Oklahoma Police Pension and

---

[2] This statement is inconsistent with certified question one which states that Brewer was excluded by the terms of the CBA from having access to the grievance and arbitration process contained in the CBA. It is unclear whether the terms of the CBA exclude Brewer from coverage or cover Brewer but deny her access to the grievance and arbitration process. However, the discrepancy is not material to our decision.

3

Retirement System (OPPRS), 11 O.S.2011, §§ 50-101 to 50-136.8.

¶5 Brewer filed an action in the United States District Court for the Eastern District of Oklahoma, asserting in part that she had a property interest in continued employment as a police trainee because she could only be terminated from her employment "for cause." Brewer alleged that she requested a hearing which Seminole denied.

## II. BRIEFS

¶6 On November 6, 2013, we ordered the parties to file simultaneous briefs addressing only the issues raised by the certified questions. Brewer's argument is as follows. Title 11, section 50-123(A) provides: "No member [of OPPRS] may be discharged except for cause." Under section 50-101(6), a member includes "any person hired by a participating municipality who is undergoing police training to become a permanent police officer of the municipality." Because the definition of member includes probationary police trainees and Brewer is a member of OPPRS, she cannot be fired except for cause.

¶7 Seminole's argument is as follows. The legislature never intended to grant probationary employees the same employment rights as permanent employees as evidenced by the Fire and Police Arbitration Act (FPAA), 11 O.S.2011, §§ 51-101 to 51-113, and OPPRS. Section 50-123 does not apply when a municipality has entered into a collective bargaining agreement. Holding that a probationary employee can be terminated only for cause would reach the absurd results that a

4

probationary employee is getting a review before a board that a municipality is exempt from establishing, that a probationary employee is entitled to more protections than a unionized employee, and that it would defeat the purpose of probationary status if section 50-123(B) applies to probationary employees.

## III. ANALYSIS

¶8 This Court's recent decision in *City of Jenks v. Stone,* 2014 OK 11, 321 P.3d 179, is dispositive of certified questions one and two now before us. Like the probationary police trainee in *City of Jenks*, Brewer was classified as a probationary police trainee at the time of her discharge; she was a member of OPPRS; and she asserted she could only be terminated for cause. *Id.* ¶ 4, 321 P.3d at 181. Also similar to the probationary police trainee in *City of Jenks*, Brewer alleged that she requested a hearing before a municipal review board pursuant to title 11, section 50-123(B)[3] which the municipality denied. *Id.* ¶ 5, 321 P.3d at 181.

---

[3] Title 11, section 50-123 of the Oklahoma Statute provides:

A. The governing body of every participating municipality, except municipalities which have provided for a civil service board of review or merit board, or have negotiated a contract covering discharge with their members to hear such appeals, shall establish a board of review to hear appeals concerning the discharge of members. . . .

B. No member may be discharged except for cause. Any member who is discharged may appeal to the board of review herein provided. Appeals from decisions of said board of review may be taken in the manner provided for in this article, provided the provisions of this section relating to the board of review and discharge shall not apply to any municipality which has heretofore or hereinafter established by its charter civil service or merit system pertaining to the appointment and discharge of members and an independent board or commission having authority to hear actions involving the discharge of members.

¶9 In *City of Jenks*, this Court held that title 11, section 50-123(B) does not provide a probationary police trainee, even though a member of OPPRS, any statutory rights in his employment, including a right to be terminated only for cause or a right to a post-termination hearing before a board of review. Our decision was not dependent on Jenks entering into a collective bargaining agreement with its permanent police officers pursuant to FPAA.

¶10 Pursuant to *City of Jenks*, we answer question one in the negative. Title 11, section 50-123(B) of the Oklahoma Statutes does not provide a right to a probationary police trainee to be terminated only for cause. Pursuant to *City of Jenks*, we answer question two in the negative. Title 11, section 50-123(B) of the Oklahoma Statutes does not afford a probationary police trainee the right to a post-termination hearing. Because question three is dependent on question two being answered in the affirmative, we decline to answer question three.

**CERTIFIED QUESTION ONE REFORMULATED AND ANSWERED; CERTIFIED QUESTION TWO ANSWERED; ANSWER TO CERTIFIED QUESTION THREE DECLINED.**

Concur: Colbert, C.J.; Reif, V.C.J.; and Watt, Winchester, Edmondson, Taylor, Combs, and Gurich, JJ.
Concurs in Result: Kauger, J.